IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILLIAM C. HOLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-cv-00508-SRB |
| | ) |
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the Court is Defendants' Motion in Limine. (Doc. #91.) As explained below, the motion is GRANTED IN PART and DEFERRED IN PART.

First, Defendants move to exclude any evidence and testimony at trial regarding "the defendant officers' unrelated discipline." (Doc. #91, p. 1.) Plaintiff "does not object." (Doc. #104, p. 1.) As a result, Defendants' motion to exclude such evidence and testimony at trial is granted.

Second, Defendants move to exclude several categories of evidence and testimony regarding Plaintiff's ex-wife, Kendra Brooks ("Ms. Brooks"). Plaintiff does not oppose excluding the following categories of evidence and testimony relating to Ms. Brooks: (1) "that she was treated for postpartum depression;" (2) "that she was a cutter (cut herself);" (3) "[t]hat on occasions other than at the time the incident at issue occurred, she stated she wished Plaintiff were dead and wished his demise;" (4) "[t]hat on occasions other than at the time the incident at issue occurred, she committed aggressive acts of physical violence toward Plaintiff;" and (5) "[t]hat she posted on Facebook, at some point in time, 'A deserved spanking is not child abuse.'"

(Doc. #91, p. 2.) Consequently, Defendants' motion to exclude such evidence and testimony at trial is granted.

Defendants also move to exclude the following evidence regarding Ms. Brooks: (1) "whether she knows the identity of the father of her most recent child;" (2) "whether she is married to the father of her most recent child;" (3) "whether she knows the identity of the father of any of her children are;" (4) "that she was mentally unstable;" (5) "that she was suicidal and/or depressed;" (6) "[t]hat on occasions other than at the time the incident at issue occurred, she made disparaging comments about Plaintiff;" (7) "[t]hat she was abusive to her children;" (8) "[t]hat she was jealous of her children's relationship with Plaintiff." (Doc. #91, pp. 1-2.)

In response, Plaintiff states he cannot yet take a position on this evidence. Plaintiff contends that he:

> may need to offer evidence that gives context to what led to Kendra Brooks' decision to call the police on the day in question. Otherwise, Plaintiff will be prejudiced by a natural perception by jurors that he 'must have done something wrong' in order for the police to be called. To the extent it is claimed that he was physically abusing Ms. Brooks, Plaintiff should be able to defend against such claim, and offer evidence providing context to what led to any verbal altercation. Until Plaintiff hears the specific testimony of Ms. Brooks, Plaintiff cannot take a position on whether evidence concerning these subsections is relevant and/or permissible.

(Doc. #104, p. 1.)

Defendants did not file a reply brief addressing Plaintiff's arguments. Upon review of the record, the Court will defer ruling on the admissibility of such evidence. To the extent Plaintiff attempts to introduce such evidence or testimony at trial, Defendants may renew their objections.

Finally, Defendants move to exclude evidence and testimony that Ms. Brooks "attempted to run contraband through the Jackson County jail when she was employed there." (Doc. #91, p.

2

2.) Plaintiff states that he will not attempt to introduce any such evidence or testimony before approaching the bench. Although the Court cannot discern the possible relevancy of this evidence, it will defer ruling until trial.

Consequently, it is hereby ORDERED that Defendants' Motion in Limine (Doc. #91) is GRANTED IN PART and DEFERRED IN PART as set forth above.

**IT IS SO ORDERED.**

Dated: September 22, 2021

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE